# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. CHRISTOPHER WARD-MALONE, Defendant. | No. CR12-4068-LTS  **MEMORANDUM OPINION AND SHOW CAUSE ORDER** |

This matter is before me on defendant Christopher Ward-Malone's pro se motion (Doc. 269) requesting relief from his criminal judgment.

Ward-Malone's case history is long and has been set out in numerous previous orders. *See, e.g.*, Doc. 180. In short, his case is closed. His appeals have been denied, as have his authorized habeas motions.[1] Since exhausting his legitimate post-conviction avenues for relief, Ward-Malone has filed a constant stream of motions. *See, e.g.*, Docs. 130, 146, 147, 150, 179, 189, 192, 201, 243. On August 15, 2023, I entered an order (Doc. 249) denying one of Ward-Malone's many motions and stated:

> Ward-Malone's current motion is denied for the reasons set out in the Government's resistance. Specifically, this motion is nothing more than another attempted end around the bar on successive § 2255 motions. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam) ("[i]f the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals..."). Thus, Ward-Malone's motion (Doc. 245) is denied, and no certificate of appealability shall issue.

---

[1] As the Government noted in a prior filing (Doc. 248), Ward-Malone has requested leave to file a second or successive 28 U.S.C. § 2255 motion at least eight times and has been denied each time by the Eighth Circuit Court of Appeals.

*Id.*, at 1-2. I went on to state that:

> Finally, I note that I have previously admonished Ward-Malone about filing frivolous motions for discovery and he has been informed that such motions will be summarily denied. *See* Doc. 197. Regardless, Ward-Malone has continued to file frivolous requests. *See* Doc. 243. Ward-Malone is hereby put on notice that any further frivolous filings will result in an order requiring him to show cause as to why he should not be monetarily sanctioned.

*Id.*, at 2. Ward-Malone appealed that order. Doc. 251. The Eighth Circuit Court of Appeals construed the appeal to be a motion to file a successive § 2255 motion and denied it. Doc. 267.

Ward-Malone's current motion (Doc. 269) is another attack on his judgment that is possible only via a § 2255 motion, which he has not received authorization to file. Thus, his motion (Doc. 269) is **denied** and a certificate of appealability shall **not issue**. Additionally, Ward-Malone is given 30 days to show cause why he should not be sanctioned.[2] If Ward-Malone fails to respond to this order or fails to explain why he should not be sanctioned, he will be ordered to pay a monetary sanction of $405, the standard cost of filing a civil action in this court.[3]

**IT IS SO ORDERED** this 7th day of May, 2024.

_____
Leonard T. Strand
United States District Judge

---

[2] The Government may reply to Ward-Malone's show cause response within 14 days after that response is filed.

[3] I find the cost of filing a new civil case to be the appropriate <u>first</u> sanction for a criminal defendant who abuses the judicial process by repeatedly filing frivolous motions. If future sanctions become necessary, the price will increase.